IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      Case No. 3:14cr166

CARLOS PAVON,      JUDGE WALTER H. RICE

    Defendant.

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS (DOC. #38); SPEEDY TRIAL FINDING MADE; DIRECTIONS TO DEFENDANT'S COUNSEL

---

Pursuant to the evidence adduced at an oral and evidentiary hearing held on August 5, 2015, as well as upon a thorough review of the Memoranda of counsel (Doc. #53 and #54), and the applicable law, this Court OVERRULES the Defendant's Motion seeking an order of the Court suppressing all evidence seized from the person and vehicle the Defendant was driving and all statements made by him (Doc. #38). In so ruling, the Court makes the following, non-exclusive, observations:

1. Pursuant to the information given to and shared between Montgomery County Sheriff's Office Detective Josh Walters and Special Agent Richard Miller of the Ohio Attorney General's Office and, further, based upon what each of them observed of the Defendant's actions, they had more than reasonable suspicion (exponentially more than a mere hunch) to approach the vehicle which Defendant was driving.

2. Further, based upon what was observed of the Defendant as Detective Walters was approaching the automobile and arrived at same, Detective Walters had more than reasonable suspicion to ask the Defendant to leave the vehicle and to detain him.

3. The Defendant voluntarily, and without coercion of any kind, consented to the search of the trunk of the automobile and the duffel bag contained therein.

4. Pursuant to what was found during a search of the trunk and duffel, Detective Walters had probable cause to further detain him and later arrest him.

5. The later search of the vehicle was a permissible inventory search.

6. Accordingly, all evidence seized from the vehicle was done so in accordance with the Fourth Amendment and may be utilized at any trial of the captioned cause.

7. Any statement made by the Defendant, although hardly inculpatory, was voluntarily given, after a full reading to the Defendant of his Miranda Rights.

The last briefing in the captioned cause was on December 11, 2015. Allowing the fourteen days given by the Court to file a reply (neither party filed such), this matter technically became at issue on December 26, 2015. However, due to the Government's inadvertently failing to file the transcript of the statement taken by the Defendant, until reminded by the Court on February 19, 2015, this Court deems the matter not at issue until that date. Accordingly, all time elapsed from the filing of the Defendant's Motion (January 29, 2015) through the filing of this Decision on Monday, February 22, 2016, is excluded from the time allotted under the Speedy Trial Act. Should Defendant's counsel disagree with this Court's analysis, he must file an

objection to same within seven calendar days from date.

WHEREFORE, based upon the aforesaid, this Court deems not well taken and does, therefore, OVERRULE the Defendant's Motion to Suppress both evidence and statements (Doc. #38).

February 22, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record