IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, | Case No. 3:14-cr-166(1) |
| v. : | JUDGE WALTER H. RICE |
| CARLOS PAVON, | |
| Defendant. : | |

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR A NEW TRIAL (DOC. #135); OVERRULING AS MOOT DEFENDANT'S "MOTION ASKING FOR AN EVIDENCE OF THE CASE" (DOC. #134) AND MISCELLANEOUS MOTIONS (DOCS. ##141, 142 AND 143); OVERRULING AS MOOT DEFENDANT'S PETITION FOR A WRIT OF MANDAMUS (DOC. #146)

In October of 2016, a jury convicted Carlos Pavon on one count of conspiracy to possess with intent to distribute one kilogram or more of heroin. In January of 2017, he was sentenced to 120 months in prison. Pavon filed a timely Notice of Appeal and, in November of 2017, the Sixth Circuit Court of Appeals affirmed his conviction. *United States v. Pavon*, No. 17-3335.

On March 19, 2018, Pavon filed a Motion for New Trial Under Fed. R. Crim. P. 33(b)(1). Doc. #135. He also filed several discovery-related motions. Docs. ##134, 141, 142, 143. On October 25, 2019, noting that the Court had not yet ruled on his Motion for New Trial, he filed a Petition for Writ of Mandamus, Doc. #146, in the above-captioned case, essentially asking this Court to rule on the

pending motion. On January 2, 2020, he filed a Petition for Writ of Mandamus with the Sixth Circuit Court of Appeals, Doc. #147, seeking an order compelling a ruling from the district court. On May 14, 2020, the Sixth Circuit invited the undersigned to respond to that Petition, Doc. #148.

The Court apologizes for the delay in ruling on the Motion for a New Trial, which has been fully briefed for quite some time, and on the discovery-related motions. For the reasons set forth below, Pavon's Motion for New Trial, Doc. #135, is OVERRULED as untimely, and the discovery-related motions, Docs. ##134, 141, 142, 143, are OVERRULED AS MOOT.

Given that the Sixth Circuit has assumed jurisdiction over this matter, the Court OVERRULES AS MOOT Pavon's Petition for Writ of Mandamus, Doc. #146.

### A.

Motions for a new trial are governed by Federal Rule of Criminal Procedure 33, which states as follows:

> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> **(b) Time to File.**
> **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

>    **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

**B.**

The Court must first address the threshold question of whether Pavon's motion, which was filed 17 months after the jury found him guilty, is timely filed. That motion is purportedly brought under subsection (b)(1), which requires a motion for a new trial based on "newly discovered evidence" to be filed within three years after the verdict.

Nevertheless, Pavon identifies no "newly discovered evidence" in his motion. He simply cites to previously-disclosed documents to explain why he believes the jury should have acquitted him. He maintains that "[t]here is enough evidence to conclude that Mr. Pavon is innocent, that he deserves a new trial, where the real evidence could be present [sic] in the due form." Doc. #135, PageID##1982-83. According to the Government, the six exhibits that Pavon attached to his motion were all available to him at the time of trial.[1] They were either provided to him in discovery, produced by his own attorney, or are Pavon's own documents. Because all of these exhibits were known to Pavon at the time of trial, they do not

---

[1] These include: (1) a Wells Fargo Statement of Accounts; (2) several folios (billing statements) from the Ramada Inn–Fairborn; (3) an interview summary of Brenda Thomason prepared by the Federal Public Defender's Office; (4) an Ohio State Highway Patrol investigation report; (5) one page from a Department of Homeland Security investigative report; and (6) additional folios from the Ramada Inn–Fairborn.

3

constitute "newly discovered evidence" under Rule 33(b)(1). *United States v. Sims*, 72 F. App'x 249, 252 (6th Cir. 2003).

In his Reply brief, Pavon does not dispute that these documents were available to his attorney at the time of trial; instead, he claims that he, personally, did not learn of these documents until after the Sixth Circuit affirmed his conviction. He contends that these documents could have, and should have, been used by his attorney to advance certain defenses that would have resulted in an acquittal.

A substantially similar argument has been rejected by the Sixth Circuit. In *United States v. Seago*, 930 F.2d 482 (6th Cir. 1991), the court held that Rule 33 cannot be used "to change defense strategy after an unfavorable verdict by claiming that evidence that the defendant or defense counsel knew but elected not to present at trial is newly discovered." *Id.* at 489. "[T]he language of Rule 33 requires that the evidence itself, not merely the legal implications of the evidence, be newly discovered." *Id.* (citing *United States v. Ugalde*, 861 F.2d 802, 806-07 (5th Cir. 1988)).

In short, the fact that Pavon, in reviewing certain previously-available documents after his conviction was affirmed on appeal, has now constructed new arguments that could have been presented at trial, does not render those documents "newly discovered evidence." Accordingly, Fed. R. Crim. P. 33(b)(1) does not apply.

4

Pavon fares no better under Fed. R. Crim. P. 33(b)(2), which requires that a motion for a new trial based on "other grounds" be filed within 14 days after the verdict is rendered. Pavon acknowledges that his motion was not filed within this time limit. He notes, however, that Rule 33 must be read in conjunction with Fed. R. Crim. P. 45(b)(1)(B), which allows the court to extend filing time after the deadline has expired "if the party failed to act because of excusable neglect." Excusable neglect exists if the delay was "caused by inadvertence, mistake, or carelessness," or by "intervening circumstances beyond the party's control." See *United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010).

Whether "excusable neglect" exists is an equitable determination. The Court must balance a number of non-exclusive factors, including: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the movant, and (5) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The reason for the delay is typically the most important factor. *Munoz*, 605 F.3d at 372.

The first two factors weigh in favor of the Government. Given that Mr. Felix, a co-defendant who testified against Pavon at trial, has already completed his sentence and been released, the Government has less leverage to ensure his truthful testimony at a second trial. The Government is further prejudiced by the passage of time, which negatively impacts the ability of witnesses to accurately

5

-
-

recall what transpired. The 17-month delay between the guilty verdict and the filing of the motion also weighs against Pavon. Pavon does not address these factors in his Reply brief.

The third and fourth factors are a somewhat closer call. Pavon blames much of the delay on his trial attorney. During the fourteen-day period in which a timely motion for a new trial could have been filed, Pavon was still represented by counsel. It would have been counsel's responsibility to file such a motion had he felt that one was warranted. As a general rule, clients are held accountable for their attorney's acts and omissions; however, this rule is somewhat relaxed in the criminal realm. *Munoz*, 605 F.3d at 368-69. In his Reply brief, Pavon correctly notes that ineffective assistance of counsel may, in some circumstances, support a claim of excusable neglect. *Id.* at 369-70.

Nevertheless, standing alone, the mere fact that an attorney fails to file a timely motion for a new trial cannot constitute ineffective assistance of counsel justifying a finding of excusable neglect. Something more is required. Otherwise, every defendant whose attorney does not routinely request a new trial would be able to establish excusable neglect for the delay.

In *Munoz*, the Sixth Circuit noted that excusable neglect may be found "when an attorney's actions extend beyond everyday mistakes into the realm of serious misconduct." *Id.* at 369-70 (quoting *Downs v. McNeil*, 520 F.3d 1311, 1319-21 (11th Cir. 2008)). Pavon, however, has failed to demonstrate that this is such a case, particularly given that his attorney, an experienced assistant federal

6

public defender, did file a timely Notice of Appeal, raising claims that: (1) the government failed to provide sufficient evidence to prove that Pavon knowingly joined the drug conspiracy; (2) a Homeland Security agent should not have been permitted to interpret the surveillance video for the jury; and (3) the district court erred in denying the motion to suppress evidence obtained from Pavon's vehicle because consent was not freely given.

Certainly, nothing prevented Pavon's attorney from filing a motion for a new trial in addition to the Notice of Appeal. The appellate court would have simply held the appeal in abeyance until the district court ruled on that motion. Pavon does not indicate whether he and his attorney ever discussed also filing a motion for a new trial. He merely states that his attorney advised him to wait on the results of the appeal.[2] It is not known why Pavon's attorney chose not to file a motion for a new trial. He may have simply decided that any such motion would have been futile. In any event, there is absolutely no evidence to support a finding that his failure to file a motion for a new trial was the result of "inadvertence, mistake, or carelessness." *Munoz*, 605 F.3d at 368.

In *Munoz*, the Sixth Circuit also noted that excusable neglect could be found in situations in which the alleged ineffective assistance of counsel arose not from counsel's failure to file a timely Rule 33 motion, but rather occurred in the

---

[2] Pavon points out that, in his appellate brief, his attorney did argue, in connection with the ruling on the motion to suppress, that Pavon should be entitled to a new trial. Doc. #140-1, PageID#2042.

7

underlying trial itself.  In such a case, the attorney has a clear conflict of interest and cannot be expected to "fall on his own sword for his client," arguing ineffective assistance of counsel in the context of a motion for a new trial.  *Id.* at 370-71.  Pavon's motion for a new trial, however, contains no claim of ineffective assistance of counsel.[3]

The Court finds that Pavon has failed to show that, under the circumstances presented here, his attorney's inaction weighs in favor of a finding of excusable neglect.  Moreover, after Pavon's conviction was affirmed on appeal, Pavon waited another four months before filing his *pro se* Motion for a New Trial.  He maintains that this additional four-month delay was caused by difficulty in obtaining certain evidence from his attorney, a circumstance allegedly beyond his control.  This could weigh in favor of a finding of excusable neglect for that limited additional four-month time period.  Nevertheless, because Pavon has failed to show that his attorney's inaction justifies a finding of excusable neglect during the thirteen

---

[3]  In his Reply brief, Doc. #140, in response to the Government's argument that the Motion for a New Trial also fails on the merits, Pavon argues that his attorney's trial strategy was contrary to Pavon's wishes, and that his attorney failed to present certain evidence that would have established his innocence. Pavon appears to argue ineffective assistance of counsel, not only as a basis for a finding of excusable neglect, but also as a separate substantive basis for granting a motion for a new trial.  Given that this argument was raised for the first time in Pavon's Reply brief, the Court will not consider it.  The Court nevertheless notes that the Sixth Circuit, in *Munoz,* left "for another day" the question of "whether a district court may grant a new trial based on lackluster representation that does not fall below the constitutionally required standard."  605 F.3d at 362.

8

months the direct appeal was pending, the Court concludes that the third and fourth factors weigh slightly more in favor of the Government.

The final factor to be considered is whether the movant acted in bad faith. The Government argues that Pavon acted in bad faith by failing to identify any newly discovered evidence and by effectively asking this Court to find that the evidence was insufficient to support his conviction, an argument already rejected by the Sixth Circuit. Pavon does not address this factor in his Reply brief. Nevertheless, giving Pavon the benefit of the doubt, this Court finds that he did not act in bad faith.

Balancing all relevant factors, the Court concludes that Pavon has not demonstrated excusable neglect for the lengthy 17-month delay in filing his Motion for a New Trial. Accordingly, the Court finds that Pavon's Motion for a New Trial, Doc. #135, is untimely, and OVERRULES it on that basis.

### B.

Even if the Court were to reach the merits of Pavon's motion, the Court would find that he has not proven that he is entitled to a new trial. Pavon's 30-page Motion for a New Trial cites numerous reasons why he believes that the jury should have acquitted him on the charge of conspiracy to possess with intent to distribute heroin. Pavon maintains that he is completely innocent and was framed by "the real drug dealers." Doc. #135, PageID#1983. He alleges that the "Government never proved that there was a relationship between Mr. Felix and Mr.

Pavon, [let alone] a business relationship." *Id.* at PageID#1959. Pavon also challenges the credibility of some of the Government's witnesses, pointing to alleged inconsistencies in their testimony. He sums up his argument by stating that "[t]here is enough evidence to conclude that Mr. Pavon is innocent." *Id.* at PageID#1982.

The Government construes Pavon's claims as raising a challenge to the sufficiency of the evidence. As the Government points out, the Sixth Circuit has already fully considered and rejected Pavon's challenge to the sufficiency of the evidence, holding that the Government presented "both physical evidence and witness testimony from which the jury could infer Pavon's knowledge of and intent to participate in the conspiracy." Doc. #131, PageID#1943.

Even if the Court instead construed Pavon's motion to argue that the verdict was against the manifest weight of the evidence, thereby allowing the Court to "take on the role of a thirteenth juror, weighing evidence and making credibility determinations firsthand," the Court would find no "miscarriage of justice." *United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018). The Sixth Circuit has noted that motions premised on the argument that the jury's verdict was against the manifest weight of the evidence are generally "granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (internal quotation omitted).

10

At trial, the undersigned had the opportunity to observe the Government's witnesses and found them to be credible. In addition, their testimony was supported by other evidence of record. Although Mr. Pavon does his best to undermine the testimony of those witnesses, the Court does not find that the jury's guilty verdict was against the manifest weight of the evidence.

## C.

Pavon has also filed several discovery-related motions. He has asked for pages 7, 8 and 9, which were missing from the folio from the Ramada Inn-Fairborn, Doc. #134. He has also asked for the hotel's video records from November 5, 2014, and November 18, 2014, and for an order requiring the prison to provide him access to certain documents, Doc. #141. Given that the Court has found that Pavon's Motion for a New Trial is untimely, and that none of this evidence appears to be relevant to the question of excusable neglect for the delay in filing, the Court OVERRULES these motions, Docs. ##134 and 141, AS MOOT.

Pavon also requested transcripts of three court proceedings. Doc. #142. He was informed that they would be provided after he paid the $365.00 fee. In a separate motion, Doc. #143, Pavon argues that this is excessive and that he cannot prove his innocence without these documents. The transcripts that he has requested, however, relate to pre-trial motions to withdraw as counsel, Docs. ##71 and 72, and Pavon's refusal to agree to the proposed Statement of Facts in connection with a plea offer, Doc. #90. As with the other evidence, these

11

transcripts appear to be irrelevant to the question of whether excusable delay exists for the delay in filing a Motion for a New Trial.  Accordingly, these motions, Docs. ##142, 143, are also OVERRULED AS MOOT.

Date: May 29, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE